NICHOLAS LEEFER, Cal. Bar No. 286640
ERIC BROOKS
GEOFFREY M. GREEN
ALTUMASH MUFTI
MARK J. WOODWARD
Email: nleefer@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3573

JOHN D. JACOBS, Cal. Bar No. 134154
Local Counsel
Email: jjacobs@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APPLIED MEDICAL RESOURCES CORP., *Plaintiff*<br><br>v.<br><br>MEDTRONIC, INC., *Defendant* | No. 8:23-cv-00268-WLH-DFM<br><br>NOTICE OF MOTION AND MOTION OF FEDERAL TRADE COMMISSION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE<br><br>HEARING:<br>AUGUST 4, 2023<br>1:00 P.M.<br>COURTROOM 9B<br><br>HON. WESLEY L. HSU |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that the Federal Trade Commission ("FTC") hereby moves the Court for leave to file a brief as *amicus curiae* in the above-captioned matter. The proposed amicus brief is attached to this motion as Exhibit 1. This motion is made following conferences of counsel pursuant to L.R. 7-3, which took place on June 28, 2023. Plaintiff does not oppose the FTC's filing of an *amicus* brief. Defendant opposes the motion.

The FTC seeks leave to file an *amicus* brief to assist the Court in its analysis of arguments contained in Defendant's pending motion to dismiss Plaintiff's antitrust claims, D.E. 19. Plaintiff in this case alleges that Defendant violated the antitrust laws by engaging in illegal exclusive dealing and bundling in the sale of advanced bipolar devices used in hospitals. According to Plaintiff's allegations, Defendant has monopoly power in the advanced bipolar medical device market and has unlawfully maintained its monopoly power through anticompetitive conduct.

The FTC's proposed *amicus* brief would aid the Court in its analysis of Plaintiff's antitrust claims and Defendant's pending motion to dismiss. The FTC is an independent agency charged by Congress with enforcing competition and consumer protection laws. 15 U.S.C. §§ 41–58. It exercises primary responsibility over federal antitrust enforcement in the medical device industry and has substantial experience evaluating issues affecting competition in medical device and other health care markets and has filed similar amicus briefs in federal courts.

## I. District Courts Have Broad Discretion to Appoint *Amicus Curiae*

A "district court has broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 335 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005); *Sonoma Falls Developers, LLC v. Nevada Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003). "There are no strict prerequisites that must be established prior to qualifying for amicus status; [a party] seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. 2021) (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)). Courts in this district "ha[ve] generally found it preferable to err on the side of permitting [amicus] briefs." *Id.* (citing *Duronslet v. Cty. of Los Angeles*, 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017)). Relatedly, Courts of Appeals accept *amicus* briefs from federal agencies as a matter of right, *see* FED. R. APP. P. 29(a), and some district courts have accepted them solely on this basis. *See, e.g.*, *Clark v. Actavis Group hf*, 567 F. Supp. 2d 711, 718 n.11 (D.N.J. 2008) (*amicus* brief filed by U.S. Department of Justice). This echoes the value of the perspectives federal agencies can offer as expert administrators and enforcers of the law.[1]

---

[1] *See* Michael K. Lowman, *The Litigating Amicus Curiae: When Does the Party Begin After the Friends Leave?*, 41 AM. U. L. REV. 1243, 1261-62 (1992) ("[G]overnmental bodies, acting as amicus curiae, possess unparalleled

(Continued…)

### II. This Court Should Use Its Discretion to Accept the FTC's *Amicus* Brief

The FTC respectfully requests that the Court exercise its discretion to accept the attached proposed *amicus* brief because (1) the brief expresses both public and governmental interests of a federal agency charged with protecting consumers from unfair competition; (2) these interests are not currently represented before the Court; (3) the information proffered is useful and timely; and (4) the FTC is not partial to any specific outcome in the case.

First, the FTC is a federal agency charged with the task of representing the public interest with the goal of preserving competition and protecting consumers from antitrust violations. As discussed in the FTC's proposed *amicus* brief, this case involves several issues at the core of the agency's mission and expertise. Plaintiff's allegations that Defendant has harmed competition in the market for advanced bipolar energy devices through anticompetitive conduct, if true, could have serious implications for consumers. And as the primary antitrust enforcer in the medical device industry, the FTC has a special interest in the interpretation of laws impacting medical device competition. District courts consider these interests when granting motions for leave to federal agencies to participate as *amicus curiae*. *See, e.g.*, *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (stating as a basis for accepting an *amicus* brief that "the EPA has a

---

institutional expertise and constitute a valuable means of determining how the court's decision may affect the world outside its chambers.").

special interest in this litigation as it is the primary body responsible for administering and enforcing" the relevant law).

Second, the parties to this lawsuit cannot adequately represent the FTC's interest and the interest of consumers more broadly, as each of the parties is tasked with representing its own interests.

Third, the proposed brief provides useful information rooted in the FTC's specialized knowledge of the antitrust laws as applied to the medical device industry and is timely submitted. As noted in the brief, the FTC has extensive experience investigating and litigating allegations involving anticompetitive exclusive dealing and bundling and with competition in the health care sector more generally.[2] The FTC's unique perspective as an antitrust enforcement agency would aid the court in its analysis of the issues in this case.[3] And the FTC's brief is timely, within seven days of Plaintiff's opposition to Defendant's motion to dismiss, before Defendant's reply brief is due under L.R. 7-10, over two weeks before the

---

[2] *See, e.g.*, *Otto Bock HealthCare N. Am., Inc.*, 2019 WL 5957363 (FTC Nov. 1, 2019); *Victrex plc*, 2016 WL 3913333 (FTC July 13, 2016); *see also FTC v. Hackensack Meridian Health, Inc.*, 30 F.4th 160 (3d Cir. 2022); *Impax Labs., Inc. v. FTC*, 994 F.3d 484, 499 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 712 (2021); *FTC v. Surescripts,* 424 F. Supp. 3d 92 (D.D.C. 2020); *FTC v. Shkreli*, 581 F. Supp. 3d 579, 625 (S.D.N.Y. 2022).

[3] Several district courts have accepted FTC *amicus* briefs on matters related to competition in the health care sector. *See, e.g.*, Order, *Staley v. Gilead Sciences, Inc.*, No. 3:19-cv-02573-EMC (N.D. Cal Nov. 7, 2019); *see also* Oral Order, *Jazz Pharms., Inc. v. Avadel CNS Pharms., LLC*, No. 1:21-cv-00691-GBW (D. Del. Nov. 15, 2022) (D.E. 226); Order, *Mylan Pharms., Inc. v. Celgene Corp.*, No. 2:14-cv-02094-ES-MAH (D.N.J. June 24, 2014) (D.E. 30).

relevant hearing, and with additional time to respond to this motion for leave to file as *amicus curiae*. *See generally* FED. R. APP. P. 29 (government amicus briefs accepted as of right when filed within seven days of associated party brief).

Fourth, while the FTC is interested in the development of the law on exclusive dealing and bundling, it takes no position on the ultimate outcome in this case. The FTC has an interest in protecting consumers and in clarifying the application of the antitrust laws, but it does not express a view on who should prevail in this litigation and is thus impartial to a specific outcome here.

## CONCLUSION

For the foregoing reasons, the FTC respectfully requests the Court grant leave to file the attached *amicus curiae* brief.

Dated: July 3, 2023

Respectfully submitted,

/s/ *Nicholas Leefer*
NICHOLAS LEEFER
ERIC BROOKS
GEOFFREY M. GREEN
ALTUMASH MUFTI
MARK J. WOODWARD
*Attorneys*
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3573
Email: nleefer@ftc.gov

JOHN D. JACOBS
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
Telephone: (310) 824-4300
Email: jjacobs@ftc.gov

*Attorneys for Federal Trade Commission*

HOLLY VEDOVA
*Director*

RAHUL RAO
*Deputy Director*

Federal Trade Commission
Bureau of Competition