Stephen C. Jensen (SBN 149894)
steve.jensen@knobbe.com
Stephen W. Larson (SBN 240844)
stephen.larson@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Plaintiff
APPLIED MEDICAL RESOURCES CORPORATION

[Defendant's counsel listed on next page]

## IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED MEDICAL RESOURCES CORPORATION, a California corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>MEDTRONIC, INC., a Minnesota corporation,<br><br>              Defendant. | Case No.<br>8:23-cv-00268-WLH-DFM<br><br>Hon. Wesley L. Hsu<br><br>[Discovery Document: Referred to Magistrate Judge Douglas F. McCormick]<br><br>**STIPULATED PROTECTIVE ORDER** |

Cleary Gottlieb Steen & Hamilton LLP
Leah Brannon (*pro hac vice*)
Carl Lawrence Malm (*pro hac vice*)
Alan B. Freedman (*pro hac vice*)
Rathna Ramamurthi (*pro hac vice*)
lbrannon@cgsh.com
lmalm@cgsh.com
afreedman@cgsh.com
rramamurthi@cgsh.com
2112 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: (202) 974-1500
Facsimile: (202) 974-1999

Greenberg Traurig LLP
Robert J. Herrington (State Bar No. 234417)
Richard Tabura (State Bar No. 298677)
robert.herrington@gtlaw.com
richard.tabura@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

*Attorneys for Defendant Medtronic, Inc.*

Plaintiff APPLIED MEDICAL RESOURCES CORPORATION ("Applied") and Defendant MEDTRONIC, INC. ("Medtronic") have agreed to the terms of the Stipulated Protective Order ("Order") as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. This Order governs the treatment of all documents and materials produced in the course of this Action, including but not limited to initial disclosures, responses to discovery requests, depositions and deposition exhibits, interrogatory answers, and responses to requests for admission designated in accordance with the procedures set forth below.

### **GOOD CAUSE STATEMENT**

Good cause exists for this Court to enter the Stipulated Protective Order because disclosure of the parties' confidential information would harm the parties financially and allow competitors to gain unfair advantage. For example, competitors could gain an unfair advantage over the parties if they learn the parties' confidential information, such as product specifications, design history files, regulatory submissions, financial information, sales information, business and marketing strategy, or information concerning business operations. Such information would allow others to unfairly compete in the market and usurp the parties' business opportunities, to the detriment of the parties. Good cause further exists in that this Stipulated Protective Order will allow for the parties to disclose documents that may be required for the litigation of this matter without suffering from both an economic and business detriment that would result from the disclosure of confidential information to the parties' competitors and/or to the public.

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. **DEFINITIONS**

1.1    Action: this pending federal lawsuit.

1.2     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

1.3     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26, and as specified above in the Good Cause Statement.

1.4     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: highly confidential and/or sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party is likely to cause harm or significant competitive disadvantage to the Producing Party, which may include, but is not limited to, development and strategic plans, scientific research, customers, pricing and sales information, trade secrets, technical information, technical practices, financial data, customer-confidential information, agreements or relationships with Third Parties, market projections or forecasts, strategic business plans, selling or marketing strategies, new product development, testing, manufacturing costs, and information regarding employees.

1.5     Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

1.6     Designating Party or Producing Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

1.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

1.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel

-2-

to serve as an expert witness or as a consultant in this Action, including support staff.

1.9    In-House Counsel: attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.10   Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

1.11   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

1.12   Party: any party to this Action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel of Record (and their support staffs).

1.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."   Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

1.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

-3-

## 2.   SCOPE

2.1    All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

2.2    The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in court or in other settings that might reveal Protected Material.

2.3    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material to any person for any purpose.

2.4    This Order does not preclude any Party or Non-Party from using Protected Material with the consent of the Producing Party or by order of the Court.

2.5    This Order does not preclude any Party or Non-Party from moving the Court for additional protection of any Discovery Material or modification of this Order, including, without limitation, moving for an order that certain matter not be produced at all.

2.6    Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

### 3.     DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or the information was made public during trial. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.  Once a case proceeds to trial, the Parties will discuss any necessary protections for information that was designated or maintained pursuant to this protective order used or introduced as an exhibit at trial.

### 4.     DESIGNATING PROTECTED MATERIAL

4.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.   Notwithstanding the foregoing, a Party utilizing technology-assisted review may designate Protected Material without undertaking a particularized review of the material.

4.2     Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(a)  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (hereinafter "Confidentiality legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

(b)  A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c)    For testimony given in depositions the Designating Party may identify the Disclosure or Discovery Material on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony are designated within 30 days of receipt of the transcript of the testimony. During the 30-day period, the entire transcript will be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is recorded (by video or otherwise), the original and all copies of the recording shall be designated pursuant to the terms of this Protective Order. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(d)    For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Confidentiality legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(e)    When native electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to

-7-

an expert or consultant pre-approved pursuant to Paragraph 6.4(c), the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  The parties reserve the right to object to the use of any image format version of a document produced in native file format to the extent any information has been altered.

4.3   <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order in a timely manner. Upon such timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy all Discovery Material that was not designated properly.

4.4   A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct

confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in the following Paragraph below) at the appropriately designated level pursuant to the terms of this Order.

### 5.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Any challenge to a designation of Discovery Material under this Order shall comply with the procedures set forth in Local Rule 37-1. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### 6.   ACCESS TO AND USE OF PROTECTED MATERIAL

6.1   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in accordance with Section 2.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).   Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2    Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

6.3     Nothing in this Protective Order shall preclude a party from using material obtained lawfully from a source other than the Producing Party, even if the Producing Party also designated the material pursuant to this Protective Order.

6.4     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order), provided that the procedure set forth in Paragraph 6.6 below is followed before any Protected Material is provided to the Expert;

(d) the court and its personnel;

(e) court reporters, videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author, recipient, or custodian of a document containing the information, or any other individual who appears to have had access to the specific information at issue based on the face of the document, the document's metadata, other documents, or sworn witness testimony;

(h) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(i)  any other person with the prior written consent of the Producing Party; and

(j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  The witness need not execute Exhibit A if the confidential information was produced, authored, or received by such witness or is a record of the current employer of the witness.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

6.5.  Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to the individuals identified in Paragraphs 6.4 (a), (c)-(i), who are not competitive decision-makers of a Party.

6.6.  Before access to the Protected Material is to be given to an Expert, the Expert shall complete the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the same shall be served upon the producing Party along with the following "Pre-Access Disclosure Requirements" for the Expert:

(i)  a current curriculum vitae of the Expert;

(ii)  identification of the consultant or expert's present employer and job title;

(iii)  identification of all of the person's past and current employment and consulting relationships in the past five years

-11-

relating to surgical medical devices, including direct relationships and relationships through entities owned or controlled by the person;

(iv) identification (by application number, title, and filing date) of all pending patent applications on which the person is named as an inventor, in which the person has any ownership interest, or as to which the person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims.

The Party seeking to disclose Protected Material shall provide such other information regarding the person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Expert. The Producing Party may object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the Expert. The Producing Party will endeavor to provide any objections, or confirmation that it has no objections, within three (3) business days of the date on which the Producing Party receives notice that an Expert will be given access to Protected Material. In the absence of an objection within five (5) business days of the date on which the Producing Party receives notice that an Expert will be given access to Protected Material, the person shall be deemed approved under this Protective Order. Absent confirmation that the Producing Party has no objection, there shall be no disclosure of Protected Material to the person prior to expiration of this five (5) business day period. If an objection is received within that five (5) business day period, the Parties agree to meet and confer within two (2) business days following the objection and to use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party shall promptly contact the Magistrate's Courtroom Deputy to schedule an informal telephonic conference by proposing dates within seven (7)

days of the meet and confer.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order.

All information provided pursuant to the Pre-Access Disclosure Requirements shall be treated as Confidential.  The Receiving Party is prohibited from using this information for any purpose other than this case.

The Pre-Access Disclosure Requirements of this Section 6.6 shall not apply to an Expert's support staff, except insofar as such support staff shall complete Exhibit A prior to disclosure and a copy of such signed undertaking shall be retained by counsel.

## 7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena, including one issued by any court, arbitral, administrative or legislative body or a court order issued in other litigation, that requests or compels disclosure of any Protected Material, that Party must:

(a)   promptly notify in writing each Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. The subpoenaed party shall not disclose any Protected Material for a period of at least five business days after providing the required notice to the Producing Person, unless the subpoena, order, or request requires production on an earlier date. If the Designating

Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**8.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

8.1    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8.2    If a Producing Party determines that it is required to notify a Non-Party before producing information, the Producing Party shall promptly notify the Non-Party.  If the Non-Party fails to seek a protective order from this Court within 14 days of receiving notice, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  Absent a Court Order to the contrary, the Requesting Party shall not bear any expense incurred by a Non-Party seeking protection in this Court of its Protected Material.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) use its best

efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and (c) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached hereto as Exhibit A. For the third and later instance of an unauthorized disclosure in the case, the Receiving party must also notify in writing the Designating Party for any subsequent unauthorized disclosures that occur during the case.  Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive a Producing Party's right to maintain the disclosed document or information as Protected Material.

## 10.  CLAWBACK OF INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

10.1  The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

10.2  Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party and/or acknowledge that all electronic copies of the documents have been deleted from the Receiving Party's electronic systems and any hard copies have been destroyed.

10.3  The Producing Party must produce privilege log entries for the inadvertently produced Discovery Material within 2 business days of making a

clawback request.  The privilege log entries shall identify that the document(s) were clawed back.

**11.**　**MISCELLANEOUS**

11.1　<u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2　<u>Right to Assert Other Objections</u>. By agreeing to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3　<u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

11.4　<u>Successors</u>.  This Order shall be binding upon the Parties hereto, their successors, and anyone who obtains access to Protected Material.

11.5　<u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice.  All disputes between the Parties concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

11.6　<u>Computation of Time</u>.  The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 12.   **FINAL DISPOSITION**

After the Final Disposition of this Action, as defined in Paragraph 3, within 60 days of a written request by the Designating Party, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 3 (DURATION).

## 13.   **VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1    **SO STIPULATED BY:**

2                                    KNOBBE, MARTENS, OLSON & BEAR, LLP

3

4    Dated:  September 15, 2023       By: /s/ *Adam B. Powell*

5                                        Stephen C. Jensen
                                         Stephen W. Larson
6                                        Adam B. Powell

7                                    Attorneys for Plaintiff
                                     APPLIED MEDICAL RESOURCES
8                                    CORPORATION

9                                    CLEARY GOTTLIEB STEEN &
10                                   HAMILTON LLP

11

12

13   Dated: September 15, 2023       By: /s/ *Carl Lawrence Malm (with permission)*

14                                       Leah Brannon
                                         Carl Lawrence Malm
15                                       Alan B. Freedman
                                         Rathna Ramamurthi

16                                   Attorneys for Defendant
17                                   MEDTRONIC, INC.MEDTRONIC, INC.

18   **IT IS SO ORDERED.**

19

20

21   Dated: September 19, 2023       _____

22                                   Hon. Douglas F. McCormick
                                     United States Magistrate Judge
23

24

25

26

27

28

                                   -18-

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Applied Medical Resources Corporation v. Medtronic, Inc*., 8:23-cv-00268-WLH-DFM, pending in the United States District Court for the Central District of California.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

_____

[Signature]

-19-