UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SA CV 23-00268-WLH (DFMx) | Date: | July 8, 2024 |
|---|---|---|---|
| Title | Applied Medical Resources Corp. v. Medtronic, Inc. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re: Defendant's Ex Parte Application for Relief (Dkt. 89)

Defendant Medtronic, Inc. ("Medtronic") has applied ex parte for an order compelling Plaintiff Applied Medical Resources Corporation ("Applied") to produce: (1) an updated disclosure about its technology assisted review ("TAR") model, and if necessary, additional documents to meet the requirements of the parties' TAR agreement; (2) archived e-mail attachments; and (3) chat transcripts. See Dkt. 89, 89-1 at 3.[1]

Ex parte applications are for extraordinary relief and are rarely justified. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 493 (C.D. Cal. 1995). A party seeking ex parte relief must support its request with evidence that its case "will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures" and show that it is "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492.

Here, having reviewed Medtronic's application and Applied's opposition, the Court concludes that the issues raised would benefit from a complete meet-and-confer process. The Court thus ORDERS as follows:

1.      The parties are ordered to meet-and-confer either in person or telephonically by no later than Wednesday, July 10, 2024. Each party must identify, during that discussion, how it proposes to resolve the dispute about any issue. See Local Rule 37-2.1.

---

[1] Medtronic also seeks an order compelling Applied to verify its interrogatory responses. See id. Applied indicates that it will verify the portions of its interrogatory responses that are not based on Medtronic's confidential information. See Dkt. 90 at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

2. The requirements of Local Rule 37-2 are waived. Each side may submit a supplemental memorandum of up to 15 pages that sets forth how it proposed to resolve the dispute at the conference of counsel, and any further argument in support of its proposal(s), by no later than noon on Monday, July 15, 2024. Medtronic may continue to contend that Applied's requests are untimely, but should also address how it would propose to resolve any remaining dispute on the merits.

3. The Court will hold a telephonic hearing on the remaining disputes on Tuesday, July 16, 2024, at 9:00 am. The Court's clerk will circulate call-in information.