UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-00268-WLH-DFMx | Date | August 1, 2024 |
|---|---|---|---|
| Title | Applied Medical Resources Corporation v. Medtronic, Inc. | | |

Present: The Honorable   WESLEY L. HSU, United States District Judge

| Holidae Crawford | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:    (IN CHAMBERS) ORDER ON DEFENDANT MEDTRONIC'S MOTION TO AMEND SCHEDULING ORDER [92]**

Before the Court is the Motion to Amend the Scheduling Order (the "Motion," Docket No. 92) brought by Defendant Medtronic, Inc. ("Medtronic").  Medtronic seeks an eleven-week continuance of the trial and a modification of the briefing schedule for summary judgment and *Daubert* motions.  Medtronic argues that a continuance is merited because Plaintiff Applied Medical Resources Corporation ("Applied") has produced "over 1.8 million pages and files" since May 1, 2024,  (*id.* at 3), "preventing Medtronic and its experts from making effective and efficient use of these materials in expert reports and at summary judgment," (*id.* at 7).

Applied agrees that the scheduling order should be modified but opposes the schedule Medtronic proposes.  (*See* Opp'n, Docket No. 101).  Applied argues that its voluminous document productions up to and beyond the discovery deadline are the result of Medtronic's addition of seven custodians near the close of fact discovery.  (*Id.* at 5–6).  Applied requests a more conservative a six-week continuance of the trial date.

On June 28, 2024, citing flaws in Applied's document production, Medtronic applied *ex parte* for an order compelling Applied to produce (1) an updated disclosure about its technology assisted review ("TAR") model, and if necessary, additional documents to meet the requirements of the parties' TAR agreement; (2) archived e-mail attachments; and (3) chat transcripts.  (*Ex Parte* App. for Further Production, Docket No. 89).  On July 18, 2024, Judge McCormick denied Medtronic's *Ex Parte* Application as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

the updated TAR disclosure and the chat transcripts. (Order re *Ex Parte* App., Docket No. 99).

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (quotation and citation omitted).

Both parties have worked diligently to conduct discovery. The parties conducted 45 depositions in the last six weeks of the fact discovery period, which ended on June 14, 2024. (Decl. of Surya Saxena, Docket No. 92-2 ¶ 2). The parties are still in the process of reviewing millions of pages produced during that discovery period. (*Id.* ¶ 3).

Applied does not argue that Medtronic has not diligently pursued discovery. Applied merely argues that Medtronic does not need more than an additional six weeks to prepare for trial, especially considering Judge McCormick's recent denial of Medtronic's *Ex Parte* Application. The fact remains, however, that both parties must sift through voluminous discovery. Indeed, Medtronic's proposed continuance will allow *both* parties to file meaningful expert reports, rebuttal reports, *Daubert* motions, and/or summary judgment motions. This is a complex anti-trust matter, and it is apparent from the Motion papers that allowing more time before proceeding to trial will benefit both parties and allow the Court to decide the matter on the merits. Moreover, Applied gives no explanation for why it is not amenable to the schedule Medtronic proposes. *Cf. In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, No. ML15-2668-PSG-JEMX, 2022 WL 17886006, at *2 (C.D. Cal. Aug. 11, 2022) (granting plaintiffs' motion to modify scheduling order in part because defendants "do not contend that they will be prejudiced if Plaintiffs' motion is granted").

The Court therefore finds there is good cause to **GRANT** the Motion. The schedule is modified as follows:

| Event | New Deadline |
|---|---|
| Rebuttal Expert Disclosures[1] | October 18, 2024 |

---

[1] The Court previously continued the deadline to file Initial Expert Disclosures from July 19, 2024, to August 16, 2024. (*See* Order, Docket No. 98).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Expert Reply Reports | November 8, 2024 |
| Close of Expert Discovery | November 22, 2024 |
| Summary Judgment Meet & Confer | November 27, 2024 |
| Summary Judgment: Moving Party Exchange | December 4, 2024 |
| Summary Judgment: Opposing Party Exchange | January 8, 2025 |
| Deadline to File Joint Motion for Summary Judgment | January 10, 2025 |
| Deadline to File Summary Judgment Reply | January 31, 2025 |
| Last Date to Hear Summary Judgment Motions | February 21, 2025 |
| Meet & Confer re: Motions to Exclude Expert Reports | December 13, 2024 |
| Deadline to File Motions to Exclude Experts | December 20, 2024 |
| Deadline to file Oppositions to Motions to Exclude Experts | January 10, 2025 |
| Deadline to file Replies to Motions to Exclude Experts | January 20, 2025 |
| Last Date to Hear Motions to Exclude Experts | February 7, 2025 |
| Deadline to Complete Settlement Conference | April 11, 2025 |
| Trial Filings (first round) | April 18, 2025 |
| Trial Filings (second round) | May 2, 2025 |
| Final Pretrial Conference | May 16, 2025 |
| Jury Trial/Trial-Ready Date | June 2, 2025 |