Stephen C. Jensen (SBN 149894)
steve.jensen@knobbe.com
Joseph R. Re (SBN 134479)
Joe.re@knobbe.com
Joseph F. Jennings (SBN 145920)
joe.jennings@knobbe.com
Stephen W. Larson (SBN 240844)
stephen.larson@knobbe.com
Cheryl T. Burgess (SBN 250101)
Cheryl.burgess@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Plaintiff
APPLIED MEDICAL RESOURCES CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| APPLIED MEDICAL RESOURCES CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC., a Minnesota corporation,<br><br>Defendant. | Case No. 8:23-cv-00268-WLH-DFM<br><br>**APPLIED'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS RELATING TO ITS OPPOSITION TO MOTION TO EXCLUDE OR STRIKE CERTAIN OPINIONS AND TESTIMONY OF APPLIED'S EXPERT JONATHAN ORSZAG**<br><br>Hon. Wesley L. Hsu |

Pursuant to Local Rule 79-5.2.2(b), Plaintiff APPLIED MEDICAL RESOURCES CORPORATION ("Applied") hereby seeks leave to file under seal the following documents:

| Document | Description | Reason for Sealing |
|---|---|---|
| **Exhibit A** to the Declaration of Cheryl T. Burgess in Support of Applied's Opposition to Medtronic's Motion to Exclude or Strike Certain Opinions and Testimony of Applied's Expert Jonathan Orszag (the "Burgess Declaration") | Kevin Murphy deposition transcript excerpts designated Highly Confidential – Outside Attorneys' Eyes Only | Contains confidential sales strategy and confidential competitive intelligence, confidential customer information, confidential sales contract information, and confidential pricing information. Transcript designated Highly Confidential by Medtronic. |
| **Exhibit B** to the Burgess Declaration | Jonathan Orszag deposition transcript excerpts designated Highly Confidential – Outside Attorneys' Eyes Only | Contains confidential pricing information and confidential competitive intelligence. Transcript designated Highly Confidential by Applied. |
| **Exhibit C** to the Burgess Declaration | Charles Favilla deposition transcript excerpts designated Highly Confidential – Outside Attorneys' Eyes Only | Contains confidential sales contract information and confidential sales strategy. Transcript designated Highly Confidential by Medtronic. |
| **Exhibit E** to the Burgess Declaration | Barry Kaup deposition transcript excerpts designated Highly Confidential – Outside Attorneys' Eyes Only | Contains confidential marketing and sales strategy and confidential competitive intelligence. Transcript designated Highly Confidential by Medtronic. |

| | | |
|---|---|---|
| **Exhibit F** to the Burgess Declaration | John Hendershot deposition transcript excerpts designated Highly Confidential – Outside Attorneys' Eyes Only | Contains confidential sales strategy. Transcript designated Highly Confidential by Medtronic. |
| **Memorandum** In Support of Applied's Opposition to Motion to Exclude or Strike Certain Opinions And Testimony Of Applied's Expert Jonathan Orszag | Memorandum of law quoting and/or paraphrasing the above-referenced exhibits and exhibits identified in Medtronic's Application For Leave To File Under Seal Documents Relating To Its Opposition To Motion To Exclude Or Strike Certain Opinions And Testimony Of Applied's Expert Jonathan Orszag (Dkt 135) | Contains analysis based on Highly Confidential documents and information. |

The public's "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). There is a strong presumption in favor of access to court records. *Ctr. for Auto Safety v. Chrysler Grp*., LLC, 809 F.3d 1092, 1096–97 (9th Cir. 2016). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 599 (1978)). "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co., Ltd*., 727 F.3d 1214, 1221

(Fed. Cir. 2013). Information should be sealed where "competitors could not obtain [the information] anywhere else." *Id.* at 1229 (reversing district court's refusal to seal material after finding compelling reasons to seal the material).

Each of the above-referenced documents contains highly confidential and competitively sensitive business information about the parties, such as strategic information, competitive intelligence, financial and pricing information, and customer information. Specifically:

- **Exhibit A** is excerpts of the deposition of Medtronic's expert witness, Kevin Murphy. These excerpts include discussion of confidential sales strategy and confidential competitive intelligence, confidential customer information, confidential sales contract information, and confidential pricing information.

- **Exhibit B** is excerpts of the deposition of Applied's liability and damages expert, Jonathan Orszag. These excerpts include discussion of confidential pricing information and confidential competitive intelligence.

- **Exhibit C** is excerpts of the deposition of a Medtronic witness, Charles Favilla. These excerpts include discussion of confidential sales contract information and confidential sales strategy.

- **Exhibit E** is excerpts of the deposition of a Medtronic witness, Barry Kaup. These excerpts include discussion of confidential marketing and sales strategy and confidential competitive intelligence.

- **Exhibit F** is excerpts of the deposition of a Medtronic witness, John Hendershot. These excerpts include discussion of confidential sales strategy.

- **Memorandum** In Support of Applied's Opposition to Motion to Exclude Or Strike Certain Opinions And Testimony Of Applied's Expert Jonathan Orszag. Portions of Applied's memorandum of law quote from or paraphrase the contents of the above-referenced exhibits and exhibits identified in Medtronic's Application For Leave To File Under Seal Documents Relating

1  To Its Opposition To Motion To Exclude Or Strike Certain Opinions And
2  Testimony Of Applied's Expert Jonathan Orszag (Dkt 135), and thus contain
3  highly confidential and competitively sensitive business information about the
4  parties.
5      There are compelling reasons to seal the above-referenced documents.
6  Each of the above-referenced documents contains information that Applied or
7  Medtronic has designated "HIGHLY CONFIDENTIAL – OUTSIDE
8  ATTORNEYS' EYES ONLY" ("Highly Confidential") under the parties'
9  Stipulated Protective Order (Dkt. 54). Declaration Of Cheryl T. Burgess
10 ("Burgess Decl.") in Support of Applied's Application For Leave To File Under
11 Seal Documents Relating To Its Opposition To Motion To Exclude Or Strike
12 Certain Opinions And Testimony Of Applied's Expert Jonathan Orszag, ¶ 2.
13 Each of the above-listed documents is designated Highly Confidential because
14 the producing party deems that disclosure to another party or non-party is likely
15 to cause harm or significant competitive disadvantage to the producing party. *Id*.
16 at ¶ 3. For example, competitors could gain an unfair advantage if they learn a
17 party's confidential marketing, sales, and pricing strategies and are thereby
18 permitted to tailor their own strategies in response. Failure to seal the Highly
19 Confidential information would thus allow others to unfairly compete in the
20 market and usurp the parties' business opportunities, to the detriment of the
21 parties. This risk of competitive harm weighs in favor of sealing. *Apple Inc. v.*
22 *Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013). Medtronic has
23 informed Applied through the meet-and-confer process that it agrees that the
24 above-referenced materials are properly filed under seal. Burgess Decl. at ¶ 5.
25     The Court's standing order instructs that "[d]ocuments that are not
26 confidential or privileged in their entirety should not be filed under seal if the
27 confidential portions can be redacted and filed separately with a reasonable
28 amount of effort." (Dkt. 37 at 8.) Consistent with the standing order, Applied

filed a public, redacted version of its Memorandum in Support of Applied's Opposition to Motion to Exclude or Strike Certain Opinions And Testimony Of Applied's Expert Jonathan Orszag. Applied seeks to seal the unredacted version. Applied also seeks to seal the above-listed Exhibits A, B, C, E, and F in their entirety because the confidential information is integrally intertwined and therefore redactions cannot be applied with a reasonable amount of effort.

    Accordingly, Applied respectfully requests an order sealing the above-listed documents, which contain material Medtronic or Applied has designated Highly Confidential under the Stipulated Protective Order.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: January 10, 2025

By: /s/ *Cheryl Burgess*
    Stephen C. Jensen
    Joseph R. Re
    Joseph F. Jennings
    Stephen W. Larson
    Cheryl T. Burgess
    Adam B. Powell

Attorneys for Plaintiff
APPLIED MEDICAL RESOURCES CORPORATION