Stephen C. Jensen (SBN 149894)
steve.jensen@knobbe.com
Joseph R. Re (SBN 134479)
Joe.re@knobbe.com
Joseph F. Jennings (SBN 145920)
Joe.jennings@knobbe.com
Stephen W. Larson (SBN 240844)
stephen.larson@knobbe.com
Cheryl T. Burgess (SBN 250101)
Cheryl.burgess@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

Attorneys for Plaintiff,
APPLIED MEDICAL RESOURCES CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| APPLIED MEDICAL RESOURCES CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC., a Minnesota corporation,<br><br>Defendant. | Case No. 8:23-cv-00268-WLH-DFM<br><br>**APPLIED MEDICAL RESOURCES CORPORATION'S MOTIONS IN LIMINE NOS. 1-2**<br><br>Hon. Wesley S. Hsu |

## I. MIL 1: PRIOR LITIGATION

Applied's MIL No. 1 seeks to exclude evidence, testimony, or argument regarding other litigations or arbitrations, including proceedings in any other court, tribunal, or forum, including ADR proceedings.

### A. Evidence of Prior Litigations Is Irrelevant And Unduly Prejudicial

Courts routinely exclude evidence about other litigations because it would "shed no light" on the issues in dispute. *Ohio House LLC v. City of Costa Mesa*, 2022 WL 2189541, at *2 (C.D. Cal. Mar. 28, 2022); *see also BackGrid USA, Inc. v. Source Digital, Inc.*, 2024 WL 3001344, at *1 (C.D. Cal. May 3, 2024) ("It is well-settled that alluding to a plaintiff's prior litigation actions is generally irrelevant and prejudicial under Federal Rule of Evidence 402."); *Marez v. Bassett*, 2011 WL 13213813, at *2 (C.D. Cal. Oct. 3, 2011) ("[T]hat juries found for Defendants in other cases against other plaintiffs is simply not probative of what happened with this Plaintiff."). This concept is so well accepted that many courts have standing motions *in limine* precluding such evidence. In fact, Applied's proposal here closely tracks Judge Gilstrap's standing order on the matter. *Compare* Proposed Order *with* Ex. A at 3.

Here, evidence of other litigations does not make any consequential fact in the case "more or less probable than it would be without the evidence." Fed. R. Evid. 401. The consequential facts of this case center on Medtronic's power in the relevant market, Medtronic's exclusionary practices, and the extent to which Medtronic's practices harmed competition and Applied. That both Applied and Medtronic have been part of prior proceedings—each of which involved different evidence, issues, and opposing parties—"will shed no light" on these issues.

Further, the prejudicial effect of this evidence independently warrants exclusion under Rule 403. Introducing evidence of other litigation is "likely to give rise to time-consuming tangents about the merits of those trials," confuse the jury, and waste the Court's time. *Marez*, 2011 WL 13213813, at *3; *see also*

*Cuthie v. J&J Material Handling Sys., Co.*, 2012 WL 13001385, at *2 (M.D. Pa. Feb. 2, 2012) ("[R]eference to prior litigation or settlement will likely, as it so often does, lead us to a trial within a trial."). Evidence of other litigation may also insinuate one of the parties is particularly litigation-prone or litigious. *See id.* The prejudicial effect of such evidence far outweighs any probative value.

### B.   Medtronic's Asymmetrical Standard Is Improper

Medtronic seeks to impose a double standard by barring evidence of prior lawsuits or investigations involving Medtronic while permitting Medtronic to introduce such evidence about Applied. But it is improper for Medtronic to "expect [the Court] to preclude only [Applied] from introducing evidence about the prior litigation under Rules 401 and 403 while seeking to present its own evidence about prior litigation to the jury." *Seal4Safti, Inc. v. Cal. Expanded Metal Prods. Co.*, 2022 WL 2199831, at *2 (C.D. Cal. Apr. 26, 2022).

Medtronic argues its double standard is appropriate because Applied's prior antitrust litigation against Ethicon is relevant to Applied's trocar benchmark. Medtronic is incorrect. The trocar benchmark concerns a carve out Ethicon granted that permits hospitals to purchase trocars from non-full-line medical suppliers (like Applied) without penalty. After Ethicon granted this carve out, competition flourished, prices dropped, and Applied's share of the trocars market increased substantially. *See* Dkt. No. 144-1 at 11, 15–16. Applied will show that the change in the trocar market after Ethicon's carve out sheds light on what would occur here absent Medtronic's anticompetitive conduct.

Applied's prior litigation against Ethicon does not make the effect of the carve out "more or less probable." The carve out occurred before the trial and the trial concerned recovery of past damages before the carve out. The jury's decision to reject such past damages says nothing about the competitive effect of Ethicon's carve out—the relevant fact at issue here.

/ / /

To the extent Medtronic argues the prior litigation provides background for the carve out, "background facts" are of "minimum probative value." *Grace v. Apple, Inc.*, 2020 WL 227404, at *2 (N.D. Cal. Jan. 15, 2020). The prejudicial effect of the Ethicon litigation substantially outweighs any probative value. *See Ohio House*, 2022 WL 2189541, at *2 ("To show that prior litigants have lost, says nothing about the merits of this case, and would clearly be prejudicial with no counterbalancing probity."). Any relevant background facts addressed in the litigation could be introduced separately without discussing the existence or outcome of the litigation.

### C.  The Outcome Of The Ethicon Case Is Inadmissible Hearsay

Court judgments, as well as the "discrete judicial fact-finding's and analysis underlying the judgment[s]," are inadmissible hearsay when offered to prove the truth of the matter asserted in the judgments.[1] *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007); *Ohio House*, 2022 WL 2189541, at *2. The Court should therefore preclude the parties from introducing any evidence of the outcome of the Ethicon case, as well as all other litigations, to prove the truth of the matter asserted therein.[2]

## II.  MIL NO. 2: THE "EMPTY CHAIR"

Applied's MIL No. 2 seeks to exclude evidence, testimony, or argument suggesting the opposing party failed to call any witness unless that witness was peculiarly within the adversary's power to produce.

---

[1] The two exceptions to this rule involving criminal convictions and proof of "personal, family or general history, or boundaries" are inapplicable. *Sine*, 493 F.3d at 1037 (citing Fed. R. Evid. 803(22), 803(23)).

[2] Applied could easily point to other Medtronic litigations and investigations that would be more relevant than Applied's *Ethicon* litigation. For example, Medtronic indicated that, through its own MIL, Medtronic seeks to exclude evidence regarding FTC investigations of Medtronic in connection with this case.

A. **Courts Prohibit Parties From "Trying The Empty Chair"**

The prohibition on trying the "empty chair" is well-established and many courts grant such relief as a standing motion *in limine*. *See, e.g.*, Ex. A at 4. Applied's proposal here closely tracks Judge Gilstrap's standing order on MILs (*id.* at 4) with minor modifications to conform to Ninth Circuit practice.

In particular, the Ninth Circuit prohibits "empty chair" arguments when the parties are equally situated with respect to a particular witness. *See, e.g.*, *Kean v. Comm'r*, 469 F.2d 1183, 1187 (9th Cir. 1972) (When "a potential witness is equally available to both parties, no inference should be drawn from the failure of a party to call such witness."). Parties can suggest the jury draw an adverse inference from the absence of a witness "provided that the party first 'establish[es] that the missing witness was peculiarly within the adversary's power to produce.'" *Apple, Inc. v. Samsung Elecs. Co.*, 2012 WL 3536797, at *2 (N.D. Cal. Aug. 13, 2012) (quoting *Chicago College of Osteopathic Med. v. George A. Fuller Co.*, 719 F.2d 1335, 1353 (7th Cir. 1983)); *see also Moonbug Ent. Ltd. v. BabyBus (Fujian) Network Tech. Co.*, 2023 WL 11922846 (N.D. Cal. June 28, 2023) (missing witness was "peculiarly within the power" of defendant).

B. **The Court Should Exclude Medtronic's "Empty Chair" Arguments**

During the meet and confer, Medtronic objected to this MIL because Medtronic plans to argue the jury should infer that Applied did not call hospitals to testify because they would have provided testimony that favors Medtronic. But Medtronic has no basis to assume testimony from hospitals would be favorable to Medtronic rather than Applied.

Medtronic also cannot show the testimony of non-party hospitals is "peculiarly within [Applied's] power to produce." *Apple*, 2012 WL 3536797, at *2. Most hospitals are outside the subpoena power of the Court. Moreover, the record contains no evidence that Applied is somehow uniquely situated to obtain testimony from any hospital. To the contrary, Medtronic is in a better position to

-4-

obtain testimony from its customers that have been locked into Medtronic contracts for years or even decades.

Medtronic should therefore not be permitted to suggest hospitals it is not seeking to call at trial would testify favorably to Medtronic. *See Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 701 (S.D.N.Y. 2014) (finding such inferences "not warranted" when the party seeking the inference "made no attempt to obtain the witness's testimony"); *Lotz v. Steak N Shake, Inc.*, 2021 WL 2270353, at *7 (E.D. Ky. June 3, 2021) (finding it "impermissible to draw an inference from a party's failure to call witnesses that were equally available to both sides"). As another court explained, if "it would be as reasonable to expect one party to introduce [a witness] as the other, no presumption should arise against either party for a failure to introduce the witness." *IVC US, Inc. v. Linden Bulk Transportation SW, LLC*, 2017 WL 5203055, at *5 (N.D. Ga. Apr. 4, 2017).

Permitting Medtronic's argument would also lead to a "trial within a trial," cause juror confusion, and waste time. Applied would have to rebut Medtronic's speculation that the hospitals would have somehow testified in Medtronic's favor. This would lead to both parties asking the jury to decide the case based on speculation rather than the facts introduced at trial. The Court should not encourage such an approach. *See CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, 2019 WL 2929516, at *6 (N.D. Iowa July 8, 2019) (granting motion to exclude such arguments as "confusing the issues, misleading the jury, and unduly prejudicing [plaintiff]").

/ / /

/ / /

/ / /

|   |   |
|---|---|
| | Respectfully submitted, |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: April 18, 2025 | By: /s/ *Adam B. Powell* |
| | Stephen C. Jensen |
| | Joseph R. Re |
| | Joseph F. Jennings |
| | Stephen W. Larson |
| | Cheryl T. Burgess |
| | Adam B. Powell |
| | Attorneys for Plaintiff, |
| | APPLIED MEDICAL RESOURCES CORPORATION |

# CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for Plaintiff Applied Medical Resources Corporation, certifies that this brief contains 1,548 words, which complies with the word limit of L.R. 11-6.1 and complies with the word limit set by Judge Hsu's Standing Order dated August 8, 2023.

Dated: April 18, 2025                    By: /s/ *Adam B. Powell*
                                             Adam B. Powell

                                         Attorneys for Plaintiff,
                                         APPLIED MEDICAL RESOURCES
                                         CORPORATION