Cleary Gottlieb Steen & Hamilton LLP
Leah Brannon (*pro hac vice*)
Alan B. Freedman (*pro hac vice*)
lbrannon@cgsh.com
afreedman@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500

Wilkinson Stekloff LLP
Brian L. Stekloff (*pro hac vice*)
Sarah Neuman (*pro hac vice*)
bstekloff@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com
2001 M Street, NW
10th Floor
Washington, DC 20036
Telephone: (202) 847-4000

*Attorneys for Defendant Medtronic, Inc.*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED MEDICAL RESOURCES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC.,<br><br>Defendant. | Case No. 8:23-cv-00268-WLH-DFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MEDTRONIC'S MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL**<br><br>**HON. WESLEY L. HSU**<br><br>DATE: OCTOBER 24, 2025<br>TIME: 1:30 PM<br>CTRM: 9B |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1
II. BACKGROUND ................................................................................................. 1
III. QUESTION TO BE CERTIFIED FOR APPEAL ............................................. 2
IV. LEGAL STANDARD ........................................................................................ 2
V. ARGUMENT ..................................................................................................... 3
VI. CONCLUSION .................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Am. President Lines, LLC, et al v. Matson, Inc.*,
   775 F. Supp. 3d 379 (D.D.C. 2025) ...............................................................8

*Aya Healthcare v. AMN Inc.*,
   9 F.4th 1102 (9th Cir. 2021)............................................................................8

*Cascade Health Solutions v. PeaceHealth*,
   515 F.3d 883 (9th Cir. 2008).................................................................. *passim*

*Couch v. Telescope, Inc.*,
   611 F.3d 629 (9th Cir. 2010)............................................................................3

*FTC v. Qualcomm Inc.*,
   969 F.3d 974 (9th Cir. 2020)............................................................................4

*Hawaii ex rel. Louie v. JP Morgan Chase & Co.*,
   921 F. Supp. 2d 1059 (D. Haw. 2013) .............................................................3

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
   22 F.4th 1125 (9th Cir. 2022)..........................................................................3

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1981).........................................................................2

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
   966 F. Supp. 2d 1031 (C.D. Cal. 2013)...........................................................3

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
   729 F. Supp. 3d 298 (E.D.N.Y. 2024).............................................................8

*Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*,
   351 F. Supp. 3d 1187 (D. Minn. 2018), *aff'd* 962 F.3d 1015 (8th Cir. 2020)................................................................................................................8

*LePage's Inc. v. 3M*,
324 F.3d 141 (3d Cir. 2003) ........ 6

*Louie v. HSBC Bank Nev., N.A.*,
761 F.3d 1027 (9th Cir. 2024) ........ 3

*Omega Env't, Inc. v. Gilbarco, Inc.*,
127 F.3d 1157 (9th Cir. 1997) ........ 6

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) ........ 2-3

*Tampa Electric Co. v. Nashville Coal Co.*,
365 U.S. 320 (1961) ........ 7

*Thompson v. Crane Co.*,
2012 WL 2359950 (D. Haw. 2012), *aff'd sub nom. Leite v. Crane Co.*,
749 F.3d 1117 (9th Cir. 2014) ........ 3

**Federal Statutes**

28 U.S.C. § 1292(b) ........ 1-2, 4, 9

**Other Authorities**

Chris Goelz et al., Federal Ninth Circuit Civil Appellate Practice
§ 2:160.3 (2016) ........ 2

## I. INTRODUCTION

Under 28 U.S.C. § 1292(b) Medtronic respectfully requests certification for interlocutory appeal of the Court's August 21 order (the "Order"). The Order presents a controlling question of law as to which there are substantial grounds for a difference of opinion and that, if resolved in Medtronic's favor, would materially advance the ultimate termination of the litigation.

The Order holds that plaintiffs can survive summary judgment on antitrust claims challenging bundled discounts even if only a small fraction of sales in the alleged market is below cost. In this Circuit, the leading decision regarding bundled discounts is *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883 (9th Cir. 2008). *PeaceHealth* establishes a bright-line rule that above-cost bundled discounts do not violate the antitrust laws. *Id.* at 903. The court in *PeaceHealth* vacated a jury award for failure to screen for below-cost pricing. *Id.* at 911. *PeaceHealth* did not need to address what happens next if cost-screening *is* applied and at most a small fraction of sales is below cost. But that is precisely the situation here.

Courts in other circuits have held that bundled discounts that result in only a small fraction of below-cost prices are not unlawful, noting the Supreme Court's instruction to avoid interpreting the antitrust laws in a way that might chill procompetitive discounts. The Ninth Circuit should be given the opportunity to address this important threshold issue before trial.

## II. BACKGROUND

Medtronic sought summary judgment on January 17, 2025. ECF No. 146. Applied argued in response that, as a matter of law, any bundled discounting that results in below-cost pricing is sufficient to support liability. ECF No. 146-1, at 29. Applied also argued that the same below-cost bundled discounts support allowing its exclusive dealing claims to reach the jury. ECF No. 146-1, at 36.

-1-

This Court heard argument on February 28, 2025, ECF No. 189, and called for supplemental briefing on April 11, 2025, ECF No. 198, which was completed on May 16, 2025. The Court denied Medtronic's motion for summary judgment on August 21, 2025. ECF No. 255.

## III. QUESTION TO BE CERTIFIED FOR APPEAL

In a case challenging bundled discounts under the Sherman Act, may a plaintiff proceed to trial by showing that only a small fraction—here, at most 17%—of sales is "below-cost" under the Ninth Circuit's discount attribution test articulated in *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883 (9th Cir. 2008)?

## IV. LEGAL STANDARD

Certification for interlocutory appeal is appropriate when an order (1) "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Order satisfies each requirement.

A question of law is "controlling" when "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see also* Chris Goelz et al., Federal Ninth Circuit Civil Appellate Practice § 2:160.3 (2016) (controlling questions "need not be outcome-determinative"). Certification is thus appropriate when a question of law may resolve one or more claims. *See, e.g.*, *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (interlocutory appeal that could dispose of a subset of claims).

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *Reese*, 643 F.3d at 688. Courts find substantial grounds for difference of opinion when "the circuits are in

-2-

dispute . . . and the court of appeals of the circuit has not spoken on the point" or when "novel and difficult questions of first impression are presented." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Conflicting opinions from different district courts may also warrant certification. *See, e.g.*, *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1067 (D. Haw. 2013) (citing only one conflicting district court case to support finding substantial grounds where "legal issues . . . are neither easy to decide nor well-settled"); *Thompson v. Crane Co.*, 2012 WL 2359950, at *6 (D. Haw. 2012) (conflicting district court opinions justified certification), *aff'd sub nom. Leite v. Crane Co.*, 749 F.3d 1117, 1120 & n.1 (9th Cir. 2014).

"[T]he materially advance prong is satisfied when the resolution of the question may appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1131 (9th Cir. 2022) (cleaned up). In practice, this factor tends to rise or fall with the others, and in particular the controlling question analysis. This is because deciding a controlling question can itself materially advance a litigation. *See Reese*, 643 F.3d at 688 (deciding a question that may dispose of one or more parties or claims will materially advance litigation); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1031, 1045 (C.D. Cal. 2013) ("facilitat[ing] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" can materially advance the litigation).

## V. ARGUMENT

Applied challenges Medtronic's discounts as both unlawful bundling and exclusive dealing. Order at 8, 15; *see also, e.g.*, Applied Supp. Br. at 3, 5, 7 (May 2, 2025), ECF No. 240 (arguing that Medtronic's contracts are exclusive because of purported "exclusionary bundling"). In its complaint, Applied alleged that it

was foreclosed from more than 70% of an alleged market for advanced bipolar devices ("ABDs") due to Medtronic's below-cost bundled discounts, Compl. ¶ 154, but that theory collapsed in discovery. Applied's own expert conceded that at most 17% of sales in the alleged market are below cost. *See* Order at 5.[1]

Medtronic sought summary judgment arguing, among other things, that because Applied concedes that at most 17% of sales in the alleged market were below cost, Applied cannot show harm to overall competition as required to support its claims. *See, e.g.*, Medtronic SJ Brief at 18–21, 41–43, ECF No. 146-1; Reply at 9, ECF No. 154-1 (no harm to competition where plaintiff concedes that more than 83% of U.S. ABD sales are above cost). In resolving Medtronic's motion, the Order held that bundling claims may reach trial even if at most 17% of sales in the alleged market fall below cost. Order at 6. The Order further held that Applied's 17% below-cost estimate also supports its exclusive dealing claims. If the Ninth Circuit clarifies that a plaintiff may not proceed past summary judgment on bundled discount claims where it is undisputed that the vast majority of sales in the alleged market are above cost, this would resolve Applied's bundled discount claims and impact the viability of its exclusive dealing claims. The standard set forth in 28 U.S.C. § 1292(b) warrants providing the Ninth Circuit an opportunity to address this threshold issue before the Court and the parties devote the time and resources to a complicated, resource-intensive jury trial.

To support its antitrust claims under Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act, Applied must show exclusionary conduct that results in harm to overall competition. *See, e.g.*, *FTC v. Qualcomm Inc.*, 969 F.3d

---

[1] Medtronic does not agree with Applied's expert, and reserves all rights including as to whether there are any below-cost prices after the appropriate analysis is correctly applied.

974, 990–91 (9th Cir. 2020). This case presents the question of whether, in a case challenging bundled discounts under the Sherman Act, a plaintiff may proceed to trial by showing that only a small fraction of sales is below-cost under the Ninth Circuit's *PeaceHealth* decision, which holds that a plaintiff predicating a claim on a bundled discount "must establish that, after allocating the discount given by the defendant on the entire bundle of products to the competitive product or products, the defendant sold the competitive product or products below its average variable cost of producing them." 515 F.3d at 910.

Under the Court's Order, below-cost bundled discounts can qualify as exclusionary conduct even if only a small fraction—here, at most 17%—of sales are below cost. But even Applied concedes that it must prove that the alleged exclusionary conduct affected *competition*, not just Applied as a single competitor. *See, e.g.*, ECF No. 244 at 5, 57 ("Harm to competition is to be distinguished from harm to a single competitor or group of competitors, which does not necessarily constitute harm to competition."). And while it is difficult to see how a small fraction of below-cost sales with little effect on the broader market could affect competition as a whole, *PeaceHealth* itself had no occasion to grapple with that question. Rather, *PeaceHealth* announced a set of circumstances that were *necessary* for liability (below-cost bundles), but it never held they were *sufficient*. The Ninth Circuit should have the opportunity to address that legal question now, and provide guidance regarding the fraction of below-cost sales needed to show harm to overall competition.

**Controlling Question of Law.** If the Ninth Circuit determines that a bundling claim involving at most 17% of sales at below-cost prices is below the threshold required to proceed to trial, that would resolve Applied's bundling claim. And, because the Order relies on the same 17% figure as support for Applied's exclusive dealing claims attacking the same discounts, such Ninth

-5-

Circuit guidance would also call into doubt the viability of Applied's exclusive dealing claims. *Cf., e.g.*, *Omega Env't, Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1162 (9th Cir. 1997) (rejecting exclusive dealing claim where "the jury could reasonably have concluded that Gilbarco's policy foreclosed roughly 38% of the relevant market for sales").

**Substantial Ground for Difference of Opinion.** The Order held that a plaintiff bringing claims based on bundled discounts may proceed to trial by showing that only a small fraction of sales is below cost. There is substantial ground for a difference of opinion on that question.

*PeaceHealth* did not grapple with the issue of foreclosure, not because foreclosure is unnecessary, but rather because *PeaceHealth* addressed a preceding question that obviated the need to address the question presented here. In *PeaceHealth*, the trial court had instructed the jury based on the Third Circuit's holding in *LePage's Inc. v. 3M*, 324 F.3d 141 (3d Cir. 2003), that bundled discounts may violate the antitrust laws even if they do *not* result in below-cost pricing. The Ninth Circuit thus had to determine whether a plaintiff must prove that the defendant's prices were below the defendant's costs. *See PeaceHealth*, 515 F.3d at 899 n.9. *PeaceHealth* carefully considered the *LePage's* framework but ultimately "declin[ed] to endorse the Third Circuit's definition" of unlawful bundled discounts, and instead held that below-cost pricing is a prerequisite for a plaintiff to prevail on a claim challenging bundled discounts. *Id.* at 899–903. *PeaceHealth* thus established the first step in analyzing a bundled discount claim, but it had no occasion to address the next step: if there are below-cost prices, what fraction of sales at below-cost pricing is necessary to support an antitrust claim?

There is good reason to believe that, had the Ninth Circuit considered this question in *PeaceHealth*, it would have concluded that a significant threshold of below-cost pricing is required. One of the Ninth Circuit's central concerns with

the approach set forth in *LePage's* was its potential to proscribe "normal economic activity." *PeaceHealth*, 515 F.3d at 903. As the Ninth Circuit explained, bundled discounts are common in our economy, and courts must interpret the antitrust laws in a way that avoids chilling procompetitive bundled discounting. 515 F.3d at 894, 906; *see also id.* at 903 (quoting *Weyerhaeuser*) (noting that lowering prices "is the same mechanism by which a firm stimulates competition, and therefore, mistaken findings of liability would chill the very conduct the antitrust laws are designed to protect").

Indeed, in a footnote in *PeaceHealth*, the Ninth Circuit noted that articulating "adverse effect on competition" as an additional element of the analysis of bundled discounts would be "superfluous" given existing, fundamental antitrust requirements applicable to any antitrust claim that already require this showing.[2] 515 F. 3d at 910 n.21. *PeaceHealth* thus suggests that its cost-based test is *part* of the liability analysis—but not the whole thing. Instead, as always, an antitrust plaintiff must show that the conduct it is challenging was extensive enough that it harmed overall competition. *Cf., e.g., Tampa Electric Co. v. Nashville Coal Co.,* 365 U.S. 320, 333 (1961) (while "a single contract . . . may fall within the initial broad proscription" of the antitrust laws, to effectuate the purpose of the antitrust laws, contracts are not actionable unless they cause "a substantial—not remote—lessening of competition in the relevant competitive market"); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 9 F.4th 1102,

---

[2] The Order quotes this language, but does not analyze whether the claimed 17% of sales at below-cost prices had an adverse effect on overall competition as part of either the bundling discussion or the antitrust injury discussion. As to the latter, while Applied admitted that it is an equally efficient competitor with large profit margins, and thus it could compete on price for the vast majority of sales, the Order holds that having even a fraction of sales below cost can be exclusionary and finds that this also can satisfy the requirement of antitrust injury. *See* Order at 20.

1111–13 (9th Cir. 2021) (where plaintiff fails to show a triable issue as to harm to overall competition, summary judgment is required). At a minimum, there are substantial grounds for a difference of opinion regarding whether the Ninth Circuit in *PeaceHealth* intended to allow a plaintiff to proceed to trial where at most a small fraction of sales in the alleged market is below cost.

For their part, courts in other circuits have held that a bundling claim cannot succeed where only a small fraction of sales is below cost. *See, e.g.*, *Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, 351 F. Supp. 3d 1187, 1210–12 (D. Minn. 2018) (granting summary judgment for the defendant as a matter of law where "eight of the nine contracts" involved above-cost bundled discounts), *aff'd* 962 F.3d 1015, 1030 (8th Cir. 2020); *Am. President Lines, LLC v. Matson, Inc.,* 775 F. Supp. 3d 379, 418 (D.D.C. 2025) ("For a bundle to be anticompetitive, it must substantially foreclose the relevant market."). Before the Order, only one court had reached the opposite conclusion. *See In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 729 F. Supp. 3d 298, 329–30 (E.D.N.Y. 2024) ("Plaintiffs are not required to demonstrate foreclosure to make out a violation of Section 2 and the Court will not exclude Plaintiffs' bundled discount claims on this basis."). The Ninth Circuit should be afforded a chance to address this question that was not at issue in *PeaceHealth* given the procedural posture of that litigation.

**Material Advancement of the Ultimate Termination of the Litigation.** Ninth Circuit guidance on the question presented will hasten the termination of the litigation. Specifically, if the Ninth Circuit holds that a threshold level of below-cost sales is required and that level is well above 17%, Applied's bundling claims would fail as a matter of law.

Such clarification also would materially advance the resolution of Applied's exclusive dealing claims. Applied's same estimate of at most 17% of

-8-

sales being below-cost was an important factor in the Court's conclusion that Applied met its burden of showing substantial foreclosure of competition in support of its exclusive dealing claims. Guidance from the Ninth Circuit could make clear that Applied's exclusive dealing claims also fail, or, at minimum, must be revisited and foreclosure reassessed in light of the Ninth Circuit's instructions.

## VI. CONCLUSION

For the foregoing reasons, Medtronic respectfully requests that the Court certify its August 21, 2025 order for appeal pursuant to 28 U.S.C. § 1292(b).

Dated: September 12, 2025

Respectfully submitted,

By: */s/ Leah Brannon*

Cleary Gottlieb Steen & Hamilton LLP
Leah Brannon (*pro hac vice*)
Alan B. Freedman (*pro hac vice*)
lbrannon@cgsh.com
afreedman@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500

Wilkinson Stekloff LLP
Brian L. Stekloff (*pro hac vice*)
Sarah Neuman (*pro hac vice*)
bstekloff@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com
2001 M Street, NW
10th Floor
Washington, DC 20036
Telephone: (202) 847-4000

Greene Espel PLLP
Surya Saxena (*pro hac vice*)
Jenny Gassman-Pines (*pro hac vice*)
ssaxena@greeneespel.com
jgasman-pines@greeneespel.com
222 South Ninth Street, Suite 2200
Minneapolis, MN 55402-3362
Telephone: (612) 373-0830

Liang Ly LLP
Jason L. Liang (SBN 251235)
John K. Ly (SBN 247477)
jliang@lianglyllp.com
jly@lianglyllp.com
601 South Figueroa Street, Suite 1950
Los Angeles, CA 90017
Telephone: (213) 262-8000

*Attorneys for Defendant Medtronic, Inc.*

**Local Rule 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Medtronic, Inc., certifies that this brief contains 2,657 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 12, 2025                    CLEARY GOTTLIEB STEEN & HAMILTON LLP


By: /s/ Leah Brannon
Leah Brannon (*pro hac vice*)
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037-3229
*Attorney for Defendant Medtronic, Inc.*