UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:23-cv-00268-WLH-DFM | Date | November 14, 2025 |
|---|---|---|---|
| Title | *Applied Medical Resources Corporation v. Medtronic, Inc.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|
| Holidae Crawford | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL [259]**

The Court is in receipt of Defendant Medtronic, Inc.'s ("Medtronic") Motion to Certify Order for Interlocutory Appeal (the "Motion"). (Mot., Dkt. No. 259). Oral argument was heard on October 31, 2025. For the reasons explained herein, the Court **DENIES** Defendant's Motion.

**I.    BACKGROUND**

The Court has previously provided an extensive background of this antitrust action in its August 15, 2025 Order on Medtronic's Motion for Summary Judgment ("MSJ"). *See* Summary Judgment Order, Dkt. No. 255). The Court denied Medtronic's MSJ in its entirety. The case is scheduled to begin trial on January 12, 2026. (*See* Minute Order Re Trial Schedule, Dkt. No. 258).

Defendant Medtronic filed the instant Motion on September 12, 2025, requesting this Court certify its MSJ Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (*See generally* Mot.).

The question Medtronic seeks to certify for appeal is as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

In a case challenging bundled discounts under the Sherman Act, may a plaintiff proceed to trial by showing that only a small fraction—here, at most 17%—of sales is "below-cost" under the Ninth Circuit's discount attribution test articulated in *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883 (9th Cir. 2008)?

(Mot. at 2). Plaintiff Applied Medical Resources Corporation ("Applied") timely filed an Opposition to the Motion—to which Medtronic timely replied. (Opp'n, Dkt. No. 262; Reply, Dkt. No. 263). The Court heard oral argument on October 31, 2025. The matter is fully briefed.

II.   **DISCUSSION**

   A.   **Legal Standard**

Generally, a district court's ruling cannot be appealed until after the entry of final judgment. *See* 28 U.S.C. § 1291. However, interlocutory appeal of an otherwise non-appealable order may be obtained pursuant to 28 U.S.C. § 1292(b), "if conditions specified in the section are met, the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.10 (1996); *see* 28 U.S.C. § 1292(b). Specifically, a district court may certify an interlocutory appeal if the order in question "[1] involves a controlling question of law . . . [2] there is a substantial ground for difference of opinion, and ... [3] an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (emphasis added); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). "Even if these three requirements are satisfied, a district court still has the discretion in deciding whether or not to grant a party's motion for certification." *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008).

A district court should grant an interlocutory appeal "only in exceptional situations in which allowing an appeal would avoid protracted and expensive litigation." *In re*

**CIVIL MINUTES - GENERAL**

*Cement Antitrust Litig.*, 673 F.2d at 1026. The party seeking certification of an interlocutory appeal has the burden to demonstrate such exceptional circumstances. *Id*. An interlocutory appeal should not function "merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).

    **B.**    <u>Analysis</u>

There is no question that this antitrust action is one requiring complex legal principles and applications. But that complexity does not automatically render it appropriate for an interlocutory appeal—a procedural device reserved for exceptional circumstances—simply because one party asserts it is. Here, Medtronic seeks appellate intervention to determine the threshold in which below-cost bundled discounts, as a percentage of sales in the alleged market, fails the Circuit's Discount Attribution Test ("DAT") and therefore fails to demonstrate exclusionary bundling. (*See* Mot. at 3-4). This Court, in its MSJ Order, left this fact-intensive determination to the jury, finding that "a trier of fact can use the DAT to determine if the bundles are anti-competitive." (MSJ Order at 7). Medtronic contends that Ninth Circuit clarification on this threshold issue "would resolve Applied's bundled discount claims and impact the viability of its exclusive dealing claims." (Mot. at 4).[1] The Court finds such an interlocutory appeal wholly inappropriate at this late stage of litigation and therefore must **DENY** Medtronic's Motion.

*First*, the Court is skeptical that the Circuit would readily create a bright-line rule as Medtronic seeks. Ascribing a specific numerical requirement to the DAT test regarding the proportion of total sales with below-cost pricing—particularly when that

---

[1] An interlocutory appeal of this kind would resolve just one element of two theories Applied pursues to demonstrate Medtronic's alleged exclusionary conduct. (*See* MSJ Order at 4 ("Applied contends that Medtronic engages in two types of exclusionary conduct: anti-competitive bundling and exclusive dealing.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

figure is disputed by the parties—would deviate from the Circuit's preference in *PeaceHealth* to "allow plaintiffs to challenge bundled discounts if those plaintiffs can prove a defendant's bundled discounts would have excluded an equally efficient competitor." *PeaceHealth*, 515 F.3d at 909. A jury's inquiry into the specific prevalence of a defendant's bundled discounts and its corresponding exclusion of an "equally efficient competitor" is inevitably a fact-intensive one.[2] This Court disagrees with Medtronic that the issue is so clean-cut. Moreover, the Court has already concluded that Applied's expert's 17% "figure provides a potential floor, but not a ceiling." (MSJ Order at 15). Medtronic's question for certification erases that nuance.

*Second*, in its Motion, Medtronic effectively asks this Court to revisit its previous summary judgment ruling and find that a showing of "substantial foreclosure" within the relevant market is required in determining whether a bundling discount is exclusionary. (*See* Mot. at 6 (arguing that "substantial foreclosure" must be revisited as an element in the exclusionary analysis because "*PeaceHealth* did not grapple with the issue of foreclosure . . . .")). The Court has disposed of that argument, explaining that the Circuit specifically declined to import additional elements to the DAT test. (*See* MSJ Order at 6

---

[2] At oral argument, Medtronic raised concerns with delivering adequate guidance to the jury on the application of the DAT to Applied's bundling claims, given the purported lack of clarity in existing Circuit case law. To evaluate that concern, the Court asked the parties to submit their proposed jury instructions on the issue of exclusionary bundling. Medtronic's own proposed jury instructions provide a helpful multi-step analysis for the jury to evaluate whether Medtronic's bundled discounting are anticompetitive. *If* the jury does find exclusionary bundling to exist, they are still required to apply the Rule of Reason to determine whether the challenged conduct results in substantial harm to competition in the relevant market *and* whether such conduct produces countervailing competitive benefits. *See* ABA Model Jury Instructions in Civil Antitrust Cases, 1.C.1 (2016 ed.). That is an inherently fact-intensive determination best left to the jury. Moreover, although the instructions remain in dispute, Medtronic's proposals bolster this Court's finding that existing case law is sufficient to guide the jury in its fact-finding and decision-making—undermining the need to invoke the extraordinary device of an interlocutory appeal just two months before trial is set to begin.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

("PeaceHealth does not require plaintiffs to show substantial foreclosure of competition to prove that a bundled discount was exclusionary.")). "'Disagreement with the Court's ruling does not create a substantial ground for difference.'" *Caron v. CVS Pharmacy Inc.*, 2015 WL 13915803, at *3 (C.D. Cal. May 1, 2015) (quoting *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1090 (E.D. Cal. 2008)) (internal quotations omitted); *see also Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (denying a request for an interlocutory appeal where the proponent simply disagreed with the district court's ruling). Here, Medtronic is asking the Court to do precisely that. The Court declines.

*Lastly*, Medtronic has also failed to satisfy the third element of the interlocutory appeal test and demonstrate that certifying an interlocutory appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Trial is set to begin in just over two months, and the Court assumes the parties are deep in preparation for the final pretrial conference scheduled for December 19, 2025. Medtronic seeks to delay this litigation—an action pending for nearly three years—for an unknown period of time to resolve just one element of the claims against them. In cases like this, where a trial verdict would be rendered long before an appeal could run its course, courts have denied motions for interlocutory appeal. *See, e.g.*, *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (discretionary denial of an interlocutory appeal when such appeal could not be completed before trial); *Gibson Brands Inc. v. John Hornby Skewes & Co.*, No. CV 14-00609 (SSX), 2016 WL 7542437, at *3 (C.D. Cal. Dec. 29, 2016). The Circuit has also acknowledged that "Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit . . . ." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

1959). The more appropriate route is for the parties to pursue appeal of all relevant issues following final judgment.

The Court recognizes that the *PeaceHealth* panel conceded, at the time of its 2008 opinion, that "there [wa]s limited judicial experience with bundled discounts, and academic inquiry into the competitive effects of bundled discounts [wa]s only beginning." *PeaceHealth*, 515 F.3d at 908. But the "mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient," *Couch*, 611 F.3d at 633-34, to invoke the rare procedural device of an interlocutory appeal.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**