Wilkinson Stekloff LLP
Brian L. Stekloff (*pro hac vice*)
Sarah Neuman (*pro hac vice*)
bstekloff@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com
2001 M Street, NW, 10th Floor
Washington, DC 20036
Telephone: (202) 847-4000

Wilkinson Stekloff LLP
Keri Arnold (*pro hac vice*)
karnold@wilkinsonstekloff.com
130 W 42nd St., 24th Floor
New York, NY 10036

Cleary Gottlieb Steen & Hamilton LLP
Leah Brannon (*pro hac vice*)
Alan B. Freedman (*pro hac vice*)
lbrannon@cgsh.com
afreedman@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500

*Attorneys for Defendant Medtronic, Inc.*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLIED MEDICAL RESOURCES CORPORATION, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> MEDTRONIC, INC., a Minnesota corporation, <br><br> Defendant. | Case No. 8:23-cv-00268-WLH-DFM <br><br> **MEDTRONIC'S RESPONSE REGARDING MARKET DEFINITION** <br><br> HON. WESLEY L. HSU |

In response to the Court's question about what happens if the market in this case is broader than ABDs, Applied submitted evidence purporting to show shares in other markets. Dkt. Nos. 352-1 (ABDs + ultrasonic), 352-2 ("vessel sealing & dissection"), 352-3 (ABDs + ultrasonic; ABDs + ultrasonic + robotic ABDs). But if the jury does *not* find the handheld-ABD-only market that Applied and its expert put forward, then Applied's case fails for at least four reasons.

**1. Applied cannot prove market power**. Market share is not sufficient proof of market power, which is a critical element of Applied's antitrust claims. *Rebel Oil v. Atl. Richfield Co.*, 51 F.3d 1421, 1439 (9th Cir. 1995) ("A mere showing of substantial or even dominant market share alone cannot establish market power sufficient to carry out a predatory scheme."). But share is all Applied has to offer. Dkt. No. 352-1 (arguing Medtronic's "share" is "still very high" if the market includes ultrasonic); 352-2 (Medtronic's "share" of "vessel sealing and dissection"); 352-3 (demonstrative identifying "Medtronic Share").

**2. Applied cannot prove that any bundle fails the DAT**. Mr. Orszag's discount attribution test under *PeaceHealth* assumes that the relevant market includes only handheld ABDs. *See, e.g.*, 1/28/26 (Orszag) Tr. 210:1-211:10 (explaining the test); 1/29/26 (Orszag) Tr. 128:17-130:6 (calculating the DAT only for ABDs). Mr. Orszag did not conduct a DAT analysis for any broader market. 1/29/26 (Orszag) Tr. 130:13-131:5. Applied offers no evidence of how discounts would be attributed across products in a broader market or what share of sales might be "below cost" in any alternative market.

**3. Applied cannot prove substantial foreclosure**. At summary judgment, Applied asserted it was foreclosed from at least 17% of an ABD market. Dkt. No. 255 at 15. In a broader market, the denominator changes. There is no evidence at trial on, and Mr. Orszag did not measure, what share of sales of a broader market were supposedly foreclosed by Medtronic's conduct.

**4. Applied cannot prove damages.**  Mr. Orszag estimates damages using two benchmarks.

- Europe.  This benchmark assumes Applied would win the same share of ABD sales in the U.S. as it claims to have won in certain countries in Europe.  But there is no evidence of Applied's share in Europe for any market other than handheld ABDs.

- Trocars.  This benchmark assumes Applied would win the same share of handheld ABD sales as it did trocar sales twenty years ago.  Mr. Orszag has done no math to apply this benchmark to a market broader than ABDs and back out Applied's "expected" share of handheld ABDs from there.

Mr. Orszag did not apply his benchmarks to estimate damages for any alleged market other than handheld ABDs.  The jury thus has no basis to find damages if the relevant market were broader than handheld ABDs.

*        *        *

In light of the foregoing, it is critical that the jury be instructed to return a verdict for Medtronic if Applied has not proven a relevant market limited to handheld ABDs.  In the alternative, the verdict form should require the jury to identify the relevant market found, which is necessary to the Court's evaluation of the issues raised here under Rule 50(b).

1  Dated: February 4, 2026                    Respectfully submitted,

2

3                                              By: */s/ Brian L. Stekloff*

4
                                               Wilkinson Stekloff LLP
5                                              Brian L. Stekloff (*pro hac vice*)
                                               Sarah Neuman (*pro hac vice*)
6                                              bstekloff@wilkinsonstekloff.com
                                               sneuman@wilkinsonstekloff.com
7                                              2001 M Street, NW, 10th Floor
                                               Washington, DC 20036
8                                              Telephone: (202) 847-4000

9                                              Wilkinson Stekloff LLP
                                               Keri Arnold (*pro hac vice*)
10                                             karnold@wilkinsonstekloff.com
                                               130 W 42nd St., 24th Floor
11                                             New York, NY 10036

12                                             Cleary Gottlieb Steen & Hamilton LLP
                                               Leah Brannon (*pro hac vice*)
13                                             Alan B. Freedman (*pro hac vice*)
                                               lbrannon@cgsh.com
14                                             afreedman@cgsh.com
                                               2112 Pennsylvania Avenue, NW
15                                             Washington, DC 20037
                                               Telephone: (202) 974-1500
16
                                               Liang Ly LLP
17                                             Jason L. Liang (SBN 251235)
                                               John K. Ly (SBN 247477)
18                                             jliang@lianglyllp.com
                                               jly@lianglyllp.com
19                                             601 South Figueroa Street, Suite 1950
                                               Los Angeles, CA 90017
20                                             Telephone: (213) 262-8000

21                                             *Attorneys for Defendant Medtronic, Inc.*

22

23

24

25

26

27

28