Joseph R. Re (SBN 134479)
joe.re@knobbe.com
Stephen C. Jensen (SBN 149894)
steve.jensen@knobbe.com
Joseph F. Jennings (SBN 145920)
joe.jennings@knobbe.com
Stephen W. Larson (SBN 240844)
stephen.larson@knobbe.com
Cheryl T. Burgess (SBN 250101)
cheryl.burgess@knobbe.com
Kendall M. Loebbaka (SBN 285908)
kendall.loebbaka@knobbe.com
Nicholas M. Zovko (SBN 238248)
nicholas.zovko@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Adam B. Powell (SBN 272725)
adam.powell@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive
San Diego, CA 92130
Phone: (858) 707-4000
Facsimile: (858) 707-4001

*Attorneys for Plaintiff,*
APPLIED MEDICAL RESOURCES CORPORATION

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Leah Brannon (*pro hac vice*)
Alan B. Freedman (*pro hac vice*)
lbrannon@cgsh.com
afreedman@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500

**WILKINSON STEKLOFF LLP**
Brian L. Stekloff (*pro hac vice*)
Sarah Neuman (*pro hac vice*)
bstekloff@wilkinsonstekloff.com
sneuman@wilkinsonstekloff.com
2001 M Street, NW
10th Floor
Washington, DC 20036
Telephone: (202) 847-4000

*Attorneys for Defendant,*
MEDTRONIC, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| APPLIED MEDICAL RESOURCES CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC., a Minnesota corporation,<br><br>Defendant. | Case No. 8:23-cv-00268-WLH-DFM<br><br>**JOINT SUBMISSION REGARDING COMPETING REQUESTS FOR POST-TRIAL BRIEFING SCHEDULE**<br><br>Hon. Wesley L. Hsu |

Plaintiff Applied Medical Resources Corporation ("Applied") and Defendant Medtronic, Inc. ("Medtronic"), through their respective undersigned counsel, have met and conferred on the schedule for the parties' respective post-trial motions. Applied plans to file a motion (a) for injunctive relief and (b) for resolution of the outstanding equitable issues (Section 17200 unfair competition and laches).[1] Medtronic plans to file a motion under Fed. R. Civ. P. 50 and 59.

Applied proposes the parties follow the below schedule for all post-trial motions. Medtronic proposes the parties follow the below schedule only for Medtronic's motion and that Applied file its motion after the Court first resolves Medtronic's motion.

The parties provide their respective positions below on pages 2 and 3 of this submission.

| Deadline | Date |
| --- | --- |
| Opening briefs | March 12, 2026 |
| Opposition briefs | April 9, 2026 |
| Reply briefs | April 23, 2026 |
| Hearing | May 8, 2026, 1:30 pm |

---

[1] Applied intends to address other issues, including treble damages, attorney's fees, costs, and interest, in its later request for judgment.

-1-

**Applied's Position**

Applied filed this case over three years ago and the jury has now ruled in Applied's favor on all issues. After reading the verdict, the Court directed the parties to "stipulate to a post-trial briefing schedule" that includes "injunctive relief as part of that, and now that we have the facts from the jury." 2/5/2026 Tr. at 119:18-25. Applied submits that its motion for injunctive relief should proceed promptly but is willing to accept a longer schedule to resolve all post-trial motions at once. Medtronic initially suggested such an approach would be appropriate but now contends Applied should not be permitted to even file and brief its motion until after the Court decides Medtronic's Rule 50/59 motions.

The Court should reject Medtronic's attempt to delay injunctive relief. Each day of delay lets Medtronic continue benefiting from its illegal conduct while hospitals are deprived of meaningful choice and lower prices. Applied's motion is also necessary to bring this case to final judgment. The parties agree that briefing on injunctive relief will resolve Applied's unfair competition claim and Medtronic's remaining laches defense. Applied's proposal would allow the Court to review the trial record once—while it is still fresh—to resolve all remaining issues and enter final judgment.

Medtronic argues that overturning the verdict in full or in part may affect the scope or need for an injunction. But that ignores Applied's unfair competition claim, which independently supports injunctive relief. Moreover, Medtronic is free to address the scope of the injunction in opposing Applied's motion. Medtronic's bare speculation, however, does not justify delaying equitable relief and final judgment for months. Delaying a necessary injunction to await a low-probability post-trial challenge prejudices the market and effectively stays the verdict.

Thus, both parties should file their motions according to the schedule above. If the Court adopts Medtronic's proposal, Applied requests a shorter schedule with two weeks for oppositions, one for replies, and the Court's first available hearing.

**Medtronic's Position**

While the parties have tentatively agreed on a briefing schedule and hearing date for Medtronic's forthcoming Rule 50(b) and Rule 59 motions as set forth above, Applied has indicated that it may withdraw that agreement because the parties disagree on whether Applied's request for injunctive relief should be heard on the same schedule. Medtronic's position is that any request for injunctive relief should trail resolution of Medtronic's motions. Other courts have followed a similar process in antitrust cases with a jury verdict for the plaintiff. *See, e.g.*, *Optronic v. Ningbo*, No. 5:16-cv-06370 (N.D. Cal. Dec. 16, 2019), Dkt. No. 525; *In re Google Play*, No. 3:20-cv-05671 (N.D. Cal. Jan. 18, 2024), Dkt. No. 637.

First, judicial efficiency militates in favor of deciding Medtronic's motions first. Even if Medtronic's motions are not granted in full, the Court's rulings could substantially impact the nature and scope of any potential injunctive relief. As an example, any findings on the validity of Medtronic's bundling practices will inform the appropriateness of injunctive relief associated with those contract provisions.

Second, while Applied has made limited oral representations to Medtronic about the scope of injunctive relief it intends to seek, nothing has been provided to Medtronic in writing, and Medtronic remains unclear about what Applied will ultimately request. Depending on the scope of the request, Medtronic may seek an evidentiary hearing or other procedural steps in response.

Applied asserts that Medtronic's proposed schedule is intended to cause delay. On the contrary, Medtronic's schedule is designed to allow full resolution of all the issues in the most efficient way. If Medtronic's Rule 50(b) and 59 motions are denied, Medtronic is prepared to commence motion practice on Applied's requested injunction as soon as two weeks after such a ruling.

|     |     |     |
| --- | --- | --- |
| 1 | | Respectfully submitted, |
| 2 | | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
| 4 | Dated: February 23, 2026 | By: */s/ Adam B. Powell* |
| 5 | | Joseph R. Re |
| | | Stephen C. Jensen |
| 6 | | Joseph F. Jennings |
| 7 | | Stephen W. Larson |
| | | Cheryl T. Burgess |
| 8 | | Adam B. Powell |
| | | Kendall M. Loebbaka |
| 9 | | Nicholas M. Zovko |
| 10 | | Attorneys for Plaintiff, |
| 11 | | APPLIED MEDICAL RESOURCES CORPORATION |
| 13 | | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
| 15 | Dated: February 23, 2026 | By: */s/ Brian L. Stekloff* |
| | | Leah Brannon (*pro hac vice*) |
| 16 | | Alan B. Freedman (*pro hac vice*) |
| 17 | | **WILKINSON STEKLOFF LLP** |
| | | Brian L. Stekloff (*pro hac vice*) |
| 18 | | Sarah Neuman (*pro hac vice*) |
| | | Attorneys for Defendant. |
| 19 | | MEDTRONIC, INC. |

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned filer hereby attests that all of the other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

                                  */s/ Adam B. Powell*
                                  Adam B. Powell